My name is Cornell DM Judge Cornish and I am representing myself pro se. However, I am an attorney in this court. Otherwise I wouldn't be allowed to be here. And I appreciate the fact that I am here to argue my case. I hope you had a good trip and I thought that you had traveled abroad and so it's good to be back again with you for another round because I have had two rounds already and I have another case which very well may come again here. So I'm getting to be in a kind of a routine because I think I have a justified case. I know you said to me at the very end of my last case that I had some sort of incapacity and I didn't have any time to answer it because the time had expired. So I'm hoping today it comes up again because I think in all... Well the incapacity is of course that you're not authorized to practice before the patent office, right? No, I disagree which is what I said last time. The first prong to my argument is that in the first six words of the red brief of the appellee, they say I am registered. And if that's true and I say it is true, I agree with them. There's a reason why I'm here because I'm registered. They say I'm registered. They agree I'm registered. That's the criteria for being a The other case cited by Blasius is Hull. She wasn't registered. She was allowed to assist in many ways as I suppose anybody is allowed to assist other people. And especially they brought up in those two cases whether you are doing it for pro se or pro bono. Those are two exceptions to the general rule where you have to be registered in order to appear in the patent office. On 331-09, the general counsel of the patent office agreed with me. They said that we have never ever objected to your doing business in the patent office pro se. That is to say practicing as a patent attorney. No one denies that I'm an attorney in DC, Maryland or New York. So what I'm asking for this court to say is that I am a registered practitioner in the patent office, which is what the first six words of the red brief said. I'm registered. If there are other questions involved, send it back to the district court because they have said over and over and over again, I'm not registered. They're wrong. It's clearly erroneous. The district court is absolutely clearly dramatically wrong and there can be no argument against it. Hear from the government as to whether or not they think you're registered, shall we? Sure. Then you can respond. All right. Thank you. Could I mention one other thing? You certainly may. That the counsel for the government has stated in a separate issue, a separate letter to the court, which I only found out about yesterday, that this court has jurisdiction and I maintain that the false light which they put me under and the interference with my clients is not a matter for this court. It's a matter for the Court of Appeals of the district, which the American Inventor Act specifically says this court does not have jurisdiction. All right. Thank you. Let's hear from Ms. Mendell. May it please the court, my name is Elizabeth Mendell. I represent the Patent Office and its employees in this litigation. I think those first six words say that he was registered but on inactive status and he now wishes to reinstate his active status, right? Correct, Your Honor. What's the difference between active and inactive status? Your Honor, Mr. Cornish voluntarily went on inactive status first in the state of Maryland where he had one of his many law licenses. He advised the Patent Office in writing that he was likewise interested in, and I want to make sure I get the words exactly correct in his letter, that he was going to cease practice before the USPTO. This was back in 1996. The Patent Office took the position that what that language meant, ceasing practice before the USPTO, was that he wanted to have his name removed from the register of patent attorneys and sent him a letter and said, we're going to take your name off the active role unless you tell us otherwise. If we're misinterpreting the letter, let us know and we'll talk about it because at that time, the same disciplinary issue that had arisen in Maryland had also, by that point, gotten to the Patent Office and he did not respond. Nine years went by before Mr. Cornish came back to the Patent Office and said, I would like to be reinstated. He recognized that he was on the inactive role. He specifically requested... What's the difference between the active and the inactive? Yes. The difference between active and inactive, he was not on, he couldn't practice because he was not on the role. Are you still registered or not? You have a registration number. That never goes away. When you first pass the exam, you get a registration number. He's always had his registration number. We don't take it away. It's just he's not authorized to practice before the court. Now, one of the things that I think there's been some confusion about is Mr. Cornish did have three patents that he was prosecuting in the office for which he was listed as the inventor. If you are an inventor, you can pursue a patent on your own, pro se, you don't have to be a lawyer, you don't have to be registered, you don't have to be authorized. You have the right as an inventor to pursue a patent. So he has continued to have a relationship with the Patent Office where he has pursued these individual patents where he was the inventor. So he has a customer number, he has a deposit account, he has some of these other things that practitioners will also have, but that did not make him an active member of the patent bar authorized to practice patent cases for other people before the Patent Office. Now, there was communication with the court just yesterday about the timing of our earlier actions and their effect on jurisdiction. Would you clarify that, please? Yes, Your Honor. In preparing for the oral argument and going back and looking at what had happened previously, and as you know, because some of you have been, I know Judge Proce, you've been at least on two of these prior appeals, and Judge Rader, I know you've been on at least one. This case has been complicated. There's been a lot of motions. This is the fourth appeal before the court. The last appeal that was before the court was on the District Court's decision to grant summary judgment for the Patent Office. After the court entered that final order, a motion for reconsideration was filed, and then almost immediately a notice of appeal was filed. It was my interpretation, looking at the rules and preparing for the argument, that under the federal rules of appellate procedure, that motion for reconsideration rendered that prior, what would have been final order, non-final. Now, what should have happened is someone, including us, should have figured that out and said to the court, wait on this appeal until there's a ruling on the motion for reconsideration. How do we correct that now? Well, what's happened now is because there has been a ruling on that pending motion for reconsideration, we now have a final order, and it's this one. It's what we're arguing today. We have a final order. It incorporates what was done in the ruling on the motion for summary judgment. So every issue is now before the court. So what happens? I mean, the other case that was before us, which you're conceding now was not final, resulted in a result of 36, as I recall. Is that a nullity? Do we have to affirmatively do something about that being on the books? I don't think you have to do anything about it other than to, in this ruling, say we adopt that ruling as well. I mean, you've already considered the issues. In the last go around, all of the briefs, we talked about every issue that was raised and discussed in the decision on the motion for summary judgment and the motion to dismiss. So I think you can, in this decision, just adopt that earlier ruling and finally resolve all of the issues in this case, and we can all be finished with it. Does that answer your question? It does. Anything further, Ms. Mendel? No, other than I would urge you— Is there another case pending? What could still be pending? Mr. Cornish made references— There is another case, Your Honor. As you know, one of the reasons that summary judgment was granted in this case was because Mr. Cornish had not exhausted his administrative process. Some point during the pendency of this litigation, he went back to the Patent Office and started engaging in administrative proceedings, and that's what the other litigation is about, is there was a decision at some point from the Director of the Patent and Trademark Office, and that's the subject of the other litigation. So, yes, it may, in fact, be back before you. At this point, we ask that you affirm the decision of Corporal Love. Thank you. Thank you, Ms. Mendel. Mr. Cornish? Yes, thank you. What I mentioned before was this is my certificate of registration, and I'm entitled to ask for a copy. I did ask for a copy, but the name on here was changed. I have a new name. This is C. Daniel, and I asked for a copy of this document with my new name, Cornell D.M. Judge Cornish. District of Columbia gave me a new name. Now, when I sent a letter to the Patent Office, I asked them to change my name. Simple thing, because a woman gets married and she changes her name, and it doesn't change her status in the Patent Office as a registered patent attorney. Same for me, only instead of changing the last part of my name, I changed the first part. I'm still a patent attorney before I changed my name and after I changed my name. Now, they made a reference to the letter which said, cease. The dictionary definition of the word cease is to pause. It doesn't mean that I have to be or even reinstated. It means that I continue my previous status as if I was on a train. The train pauses at a station and goes on. It was always a train even when it paused. I was a patent attorney even when I paused. Nothing changed when I asked for my name to be changed. I said, charge me any money if it costs to change my name. They waived it. So, I was home free. I had my name changed. They told me. I didn't have to pay for it, and so on I went and practiced patent law. But when you asked to cease your registration, they responded to you and said, effectively, we're removing you from the roles. Is that correct? No, that isn't, your honor. And you didn't respond to them. So, they had to assume that you were no longer going to be a practicing entity before the patent office. They didn't have to assume that, and I did not assume it because they say it's a voluntary thing that I did. And the requirement of the patent office... So, you could seek reinstatement. You could take the test again, which I think you've done twice, haven't you? More than twice. Three, four. That's another issue. And you haven't passed, and so that's the problem, right? No, because when I was taking those tests, I insisted that they have a person there with me taking the test to find out if I'm incapacitated, either as a drinker or physically in some other way. No, but you've got to pass the test to qualify, right? You see, your honor, it's a very, very confusing state. The word was used, reincarnate. They made me dead as to registration. They made me dead as if I did not have a registration. That's quite another issue than what I say. I didn't end anything. I didn't stop anything. I paused long enough to have my name changed. After they said my name is changed, I went on as before. Ten years later, they said, oh, but you didn't go on. You didn't keep practicing because you said you were not going to be a patent attorney anymore. Not true. I didn't say that. I said I paused long enough for you to change my name. It was a complete disconnect, which they incompetently, I might add, misread, which is what has been repeated here today. It's a misreading of what I did. Voluntarily was not true. In other words, an uncorroborated witness who has never been identified has said that I have not been resurrected. This is pretty similar to the earlier argument that I heard. Do you have anything additional to add to what we should consider? Well, I did mention the fact that they're holding me in false light, as the district court did. So, I'm saying that all this court has to do is say to me that I'm a registrar with the patent office. I'm entitled to this document, and I take that to the district court, and I say, district court, you erred clearly when you said I was not registered. I am registered. So, the issue before the district court is am I registered or am I not registered? And I will be able to say, if this court agrees with me, that I'm entitled to this document with my name on it to take back to the district court and ask them to reconsider their holding that I am not registered. Well, if this court doesn't agree with you, of course, then you're not authorized to continue. You understand that? No, that's not true, Your Honor, because, number one, the court 33109 says I am able to practice in the court pro se, perfectly legitimate thing to do. Under the American Inventor Act, I'm able to practice pro se as a co-inventor for another person. I'm able to practice in a patent that I didn't, an invention I didn't exist, if it's assigned to me. I have signed patents which I can prosecute, regardless of what they say here or have said in the other cases. They agree that I can do that. So, in other words, it's what I want to clear, get the district court to understand that I am entitled to say I'm registered under the First Amendment. It's true, an absolute defense. It's true that I'm an attorney. It's true that I'm registered. It's true when I put it in my shingle. Okay, I think we have your argument, Mr. Cornish. That concludes our morning. Thank you.